## MUSE et al. v. BOYD.
### No. 647.

Municipal Court of Appeals for the District of Columbia.
Oct. 27, 1948.

Rehearing Denied Nov. 13, 1948.

John H. Connaughton, of Washington, D. C., for appellants.

Andrew A. Lipscomb, of Washington, D. C. (David A. Hart, of Washington, D. C., on the brief), for appellee.

Before HOOD and CLAGETT, Associate Judges, and NEILSON, Associate Judge, The Municipal Court for the District of Columbia, sitting by designation.[1]

HOOD, Associate Judge.

This was an action by a real estate salesman to recover from real estate brokers, his former employers, his share of a commission. Plaintiff testified that he was the procuring cause of a sale to one Gaskins; that Gaskins signed the contract to purchase in the office of defendants, the final arrangements being handled by the defendant Muse, with plaintiff being present only during a part of the conference; that the commission was to be paid by Gaskins and during said conference Muse called the plaintiff aside and asked if he was willing to take a $100 reduction in his share of the commission and plaintiff agreed to do so; that after Gaskins had signed the contract, and while Muse and plaintiff were on the way to the home of the seller to obtain the seller's signature to the contract, Muse told plaintiff that he had taken Gaskins' promissory note payable one year after date for the commission; that plaintiff protested against accepting the note and Muse then said: "Don't worry, I'll pay you yours right away"; that thereafter the seller signed the contract and it was later settled; and that the defendants refused to pay to plaintiff his share of the commission.

The defendants admitted that plaintiff was the procuring cause of the sale, and had earned his share of the commission, but took the position that he was not entitled to payment until the note representing the commission was paid. Defendants relied upon a written application signed by plaintiff when he was first employed by defendants' office. The application was for the position of listing man which was the position held by plaintiff when first employed. By one provision of the application plaintiff agreed "that as a salesman I will receive 50% of the gross commission as received by the said office of the Chevy Chase Realty Co. on all sales made by me." Defendants contended that until a commission was received by them plaintiff was not entitled to receive his share and that until the promissory note was paid plaintiff was not entitled to receive his share of the commission here involved. Plaintiff insisted that the agreement signed at the beginning of his employment related only to his position as listing man and that its provision regarding payment of commissions to a salesman has no application.

The trial court apparently did not decide whether the contract of employment applied only to the plaintiff's employment as a listing man or whether its terms continued in effect when plaintiff became a salesman; but the court found for the plaintiff on the ground that there was an

---

[1] Code 1940, Supp. VI § 11—771.

express understanding and agreement between plaintiff and defendants that he would receive his portion of the commission here involved "right away" without having to wait for payment of the Gaskins note.

The brokers' contention on appeal is that the agreement to pay "right away" was not a valid and enforceable agreement because it lacked consideration. We think the evidence supports a finding by the trial court of consideration for the promise of immediate payment. The court could find that in reliance upon the promise of 'Muse to pay plaintiff his share of the commission right away plaintiff refrained from further protest or action regarding the taking of the promissory note and continued with his efforts towards closing the deal. This was sufficient consideration. Williston, Contracts, Rev.Ed., §§ 102, 102A.

Affirmed.